DANIEL F. APPLETON

*v.*

BENJAMIN F. SMALL and wife and others.

An alleged mistake in the description of lands in a release of part of premises covered by a mortgage, such release having been given by the mortgagee, cannot, on foreclosure, be set up to the detriment of an assignee of the mortgage.

---

Bill to foreclose, and cross-bill for reformation of release. On final hearing on pleadings and proofs.

*Mr. Leon Abbett,* and *Mr. W. J. A. Fuller* of New York, for complainant.

*Mr. G. A. Kingsley,* for defendants Stone and wife.

*Mr. J. W. Field,* for Jewell & Sons and Alfred Spencer.

THE CHANCELLOR.

The original suit is brought to foreclose a mortgage given by the defendant Small, and his wife, to the Howard Savings Institution, dated August 23d, 1867, on land in West Orange, in the county of Essex, to secure the payment of $9,000 with interest, and assigned to the complainant in that suit in 1871. All the land covered by the mortgage has been released except three parcels, the legal title to one of which, a piece six inches wide, is in the mortgagor, Small; the title to another in the defendant Stone, and the title to the rest is in the defendant Benjamin Finch. The only question presented for adjudication is as to the relief prayed by the cross-bill. That bill was filed by the defendant Stone, for the reformation of a release given by the Howard Savings Institution, to Small, dated June 11th, 1870, and recorded on the 12th of October following, by which the institution released from the incumbrance of its mortgage, a part of the mortgaged premises by a description which began at a point on the southerly side of Fairview avenue, at a specified distance from a designated road, and then described the property released by courses and distances, and metes and bounds. Stone alleges that the beginning point was erroneously, and by mutual mistake of the parties to the instrument, stated in the release to be eight hundred and twenty feet from the road, instead of eight hundred and ninety-five feet and six inches, and asks that the deed be rectified accordingly. But there is no proof whatever of mutual mistake.

The savings institution appears to have released exactly what it was asked to release. It is urged, on behalf of Stone, that in the application for the release it was requested to release the part of the mortgaged premises which had previously been mortgaged by Small to Wheeler Lindsley, by mortgage dated March 1st, 1870, and registered on the 5th of October following. But it does not appear, by the written request for the release, that there was any connec-

Appleton *v.* Small.

tion between the release and the Lindsley mortgage.    The request was made by Small, through his attorney, and states that he is desirous of having two acres (without other or further designation) of the premises mortgaged to the institution, released from the incumbrance of the mortgage of the latter, to enable him to cut the two acres up into building lots, and erect some houses thereon, which, he adds, will enhance the value of the remainder of the mortgaged premises.    No reference is made in any way to the Lindsley mortgage.

There was nothing to show or suggest to the savings institution that there was probably a mistake in the description.    It began at no monument, landmark or line, but merely at a point located at a certain distance from a road, and no mistake was shown or suggested by any bound, monument, landmark, course or distance.    As against the savings institution, were it still the holder of the mortgage, there would be no equity to reform the release.    As against the complainant in the original bill, who had no notice of any claim that there was a mistake until after his bill was filed (for Stone alleges that it was not until after this suit was brought that it was discovered that there was any mistake), there is of course none.    *Losey* v. *Simpson, 3 Stock. 246*; *Danbury* v. *Robinson, 1 McCart. 213; Starr* v. *Haskins, 11 C. E. Gr. 414.*

The cross-bill will be dismissed, with costs, and there will be a decree in the original suit for foreclosure and sale. The Finch property should be first sold.    Finch agreed with Small that he would pay the complainant's mortgage, and the amount of it was allowed to him as so much of the consideration of the conveyance of the property.